RUTHERFORD *v.* MORNING JOURNAL ASS'N.

*(Circuit Court, S. D. New York.   July 15, 1891.)*

LIBEL AND SLANDER—DAMAGES.
    When the proprietor of a newspaper publishes, without inquiry as to its authenticity, an item from a news agency, falsely stating that a certain named man and woman of high respectability have eloped, that the intimacy between them had for some time excited comment, etc., he is guilty of reprehensible negligence, and, though not guilty of malice, the jury may, in an action against him for libel and slander, award punitive or exemplary damages.

At Law.   Action for libel.   The jury rendered a verdict for plaintiff for $4,000.
    *Harriman & Fessenden*, for plaintiff.
    *Don Passos Bros.*, for defendants.

WALLACE, J.   The instructions to the jury upon the law were strictly accurate, and the comments upon the facts were fully justified by the circumstances of the case as they appeared upon the trial.   Was the verdict excessive?   The plaintiff, a resident of Toronto, Canada, came to New York city on the 8th of June, 1890, accompanied by the wife of a friend of his, who resided at Toronto.   When the train arrived, they were met at the station by the husband.   All the parties were people of high respectability, and were apparently intimate friends, who had arranged for a visit at New York together.   While they were staying at the Hotel Brunswick, and on the 14th of June, there appeared in the newspaper published by the defendant a communication, under the heading "Eloped to New York," which purported to have been sent to it by its special correspondent at Toronto the day before.   The communication stated, in substance, that the plaintiff had eloped with the lady; that for some time the intimacy between the two had excited comment in Toronto, and when they were found to be missing "tongues wagged freely;" that a dispatch from New York city had been received by the husband, stating that his wife and plaintiff had been seen there, and that he at once started for New York.   It further appeared that one Cronin, a reporter for a Toronto newspaper, had, without investigating into the facts, sent the communication to a Chicago newspaper, or to a news agency at Chicago; that it was published in a Chicago newspaper, was forwarded by the news agency to the defendant, was published by the Sun newspaper in New York, and was inserted by the telegraph editor of the defendant as an item of news, and published without making any inquiry in respect to its authenticity.   The publication of the article was not prompted by any personal malice towards the plaintiff or the other persons mentioned.   But the defendant was guilty of reprehensible negligence in publishing it without making any effort to verify its truth.   The injury to the reputation of the plaintiff was probably insignificant, but the jury undoubtedly thought that a newspaper manager who would publish such an article—one in which the good name of a decent woman

was trailed in the mire—without any attempt at independent investigation to ascertain whether it was true or false, was guilty of a wanton act, and that the facts warranted such a verdict as would be an example to deter other newspaper managers from similar conduct. Reckless indifference to the rights of others is equivalent to an intentional violation of them, and in actions of libel, where the facts show the publication of a defamatory article without any excusable motive, and without any attempt to inquire into the truth of the facts stated, the jury are authorized, for the sake of public example, to award punitive or exemplary damages. The present verdict is a severe one, and if it had been for a less amount would have vindicated the plaintiff, and sufficiently punished the defendant; but questions of damages belong peculiarly to the jury, and the court will not set aside a verdict simply because it may be dissatisfied with the amount rendered. To warrant the interference of the court on the ground of excessiveness, the verdict must be for a sum so plainly exorbitant or inordinate as to show that the jury must have been actuated by some improper motive. Tested by this rule, the verdict ought not to be disturbed.

The motion for a new trial is denied.